591 A.2d 467

ATTORNEY GRIEVANCE COMMISSION OF MARYLAND

v.

Edward Gross WYATT.

Misc. Docket (Subtitle BV), No. 30, Sept. Term, 1990.

Court of Appeals of Maryland.

June 24, 1991.

Walter D. Murphy, Jr., Deputy Bar Counsel for the Attorney Grievance Commission of Maryland, for petitioner.

Michael T. Wyatt, Towson, for respondent.

Argued before MURPHY, C.J., and ELDRIDGE, RODOWSKY, McAULIFFE, CHASANOW, KARWACKI and ROBERT M. BELL, JJ.

MURPHY, Chief Judge.

Edward Gross Wyatt, a member of the Bar for almost thirty years, was found by Judge Dana M. Levitz of the Circuit Court for Baltimore County to have violated DR 1–102(A)(5) and DR 6–101(A)(3) of the Code of Professional Responsibility for neglecting a legal matter entrusted to him between 1982 and 1986.[1] The disciplinary charges grew out of Wyatt's employment by John Miskelly in a worker's compensation case.

The record discloses, and Judge Levitz found, that Wyatt entered his appearance before the Commission as Miskelly's attorney on April 20, 1982; that he postponed a hearing before the Commission scheduled for April 21 to prepare the case; that thereafter, although frequently prodded by Miskelly and the employer's insurer, Wyatt "did virtually nothing in regard to this case from April 1982 until an Issues Form was filed by [Wyatt] with the ... Commission on or about December, 24, 1986"; that Wyatt was discharged by Miskelly in 1989; and thereafter Wyatt arranged a hearing in the case. Judge Levitz found that because of Wyatt's neglect, Miskelly's medical bills were never paid. He found that various reasons given by Wyatt for not requesting a hearing were not credible. He found as a fact that while Wyatt had serious medical problems, they were not the cause of Wyatt's neglect of the Miskelly case.

Bar Counsel recommended a sixty-day suspension for Wyatt's misconduct. He pointed out that Wyatt's neglect was complete and total; that the medical bills remain un-

---

1. These rules provide:
   "DR 1–102 Misconduct.
      "(A) A lawyer shall not:
             *       *       *       *       *       *
      (5) Engage in conduct that is prejudicial to the administration of justice."
   "DR 6–101 Failing to Act Competently.
      "(A) A lawyer shall not:
             *       *       *       *       *       *
      (3) Neglect a legal matter entrusted to him."

paid; and that while no actual monetary loss may have been sustained by Miskelly, nevertheless as a result of Wyatt's neglect, it warranted a suspension.

While readily acknowledging his misconduct, Wyatt argues that a reprimand is the appropriate sanction. He suggests that Miskelly's claim was not time-barred by his misconduct. He points out that in 1990 he obtained a hearing before the Commission for Miskelly, even though he was no longer his counsel; that Miskelly's claim is just as viable today as it was in 1982; and that his medical bills, upon a proper showing, will therefore be paid.

Wyatt's remorse for his misconduct was evident at the hearing before us. This is a single instance of gross neglect of a legal matter by a long-time practicing member of the Bar and warrants condemnation in the strongest terms. Our purpose in imposing a disciplinary sanction is to protect the public, rather than to punish the erring attorney. We think in this case that a reprimand, rather than a suspension, is the appropriate sanction and will serve that purpose just as well as a short suspension. Should Wyatt be guilty of neglect in future cases, the sanction will likely be more severe. *See, e.g., Attorney Griev. Comm. v. Manning*, 318 Md. 697, 569 A.2d 1250 (1990).

Judges McAULIFFE and CHASANOW are of the opinion that a thirty-day suspension is the appropriate sanction.

IT IS SO ORDERED. RESPONDENT SHALL PAY ALL COSTS AS TAXED BY THE CLERK OF THIS COURT, INCLUDING THE COSTS OF TRANSCRIPTS PURSUANT TO MARYLAND RULE BV15c FOR WHICH SUM JUDGMENT IS ENTERED IN FAVOR OF THE ATTORNEY GRIEVANCE COMMISSION AGAINST EDWARD GROSS WYATT.