604 A.2d 58

ATTORNEY GRIEVANCE COMMISSION OF MARYLAND

v.

Stephen L. BERGER.

Misc. (Subtitle BV) No. 38, Sept. Term, 1990.

Court of Appeals of Maryland.

April 7, 1992.

Melvin Hirshman, Bar Counsel and Walter D. Murphy, Jr., Deputy Bar Counsel for the Attorney Grievance Comm'n of Md., for petitioner.

Richard D. Rosenthal, Baltimore, for respondent.

Argued before MURPHY, C.J., and ELDRIDGE, RODOWSKY, McAULIFFE, CHASANOW, KARWACKI, ROBERT M. BELL, JJ.

RODOWSKY, Judge.

This case returns here following our remand to Judge Ellen M. Heller in *Attorney Grievance Comm'n v. Berger,* 323 Md. 428, 593 A.2d 1103 (1991). We remanded to give the Respondent, Stephen L. Berger (Berger), an opportunity to explain certain documentary evidence that appeared to contradict his description of the events underlying the charge. These events are fully set out in our prior opinion.

After the hearing on remand Judge Heller concluded that she could not find, by clear and convincing evidence, that Berger knowingly misappropriated client funds. She instead characterized Berger's actions as "gross and wanton negligence amounting to a total disdain and disregard for

his duties to safeguard his client's money." Bar Counsel has excepted to the failure to find an intentional misappropriation, but Judge Heller's findings are not clearly erroneous.

We turn, then, to the issue of sanction, mindful that the purpose of a disciplinary proceeding is the protection of the public. *Attorney Grievance Comm'n v. Owrutsky*, 322 Md. 334, 355, 587 A.2d 511, 521 (1991). It is well settled that intentional misappropriation of client funds will ordinarily result in disbarment. *Attorney Grievance Comm'n v. Lazerow*, 320 Md. 507, 513, 578 A.2d 779, 782 (1990); *Attorney Grievance Comm'n v. Ezrin*, 312 Md. 603, 608–09, 541 A.2d 966, 969 (1988). Berger's conduct falls short of intentional misappropriation.

In *Attorney Grievance Comm'n v. Owrutsky*, the attorney had demonstrated "carelessness and neglect" in the handling of an estate. In addition, he had taken fees from decedents' estates without court approval and had made loans to himself out of trust funds. We described these "transgressions [as] perilously close to misappropriation of funds." 322 Md. at 355, 587 A.2d at 521. Taking into account his thirty years of practice without misconduct, however, this Court imposed a three-year suspension. *See also Attorney Grievance Comm'n v. Kramer*, 325 Md. 39, 54, 599 A.2d 100, 108 (1991) (imposing a one-year suspension as a sanction for "inattention and sloppiness" in the management of escrow accounts).

Respondent Berger has practiced for twenty years. This is his first reported violation. On this record it involves the funds of only one client. Accordingly, we suspend Berger indefinitely from the practice of law with the right to reapply not less than one year from the effective date of this suspension. The suspension is effective thirty days after the filing of this opinion. Any reinstatement shall be conditional, and include the requirement that Berger engage, at his expense, a monitor, acceptable to Bar Counsel, who will review Berger's escrow account periodically and report to Bar Counsel.

IT IS SO ORDERED. RESPONDENT SHALL PAY ALL COSTS AS TAXED BY THE CLERK OF THIS COURT, INCLUDING THE COSTS OF TRANSCRIPTS PURSUANT TO MARYLAND RULE BV15 c FOR WHICH SUM JUDGMENT IS ENTERED IN FAVOR OF THE ATTORNEY GRIEVANCE COMMISSION OF MARYLAND AGAINST STEPHEN L. BERGER.