884 A.2d 673

ATTORNEY GRIEVANCE COMMISSION OF MARYLAND

v.

Kristin E. KOVACIC.

**Misc. Docket AG No. 11, Sept. Term, 2004.**

Court of Appeals of Maryland.

Oct. 11, 2005.

James B. Botluk, Asst. Bar Counsel (Melvin Hirshman, Bar Counsel, Atty. Grievance Com'n), for petitioner.

Kristin E. Kovacic, California, for respondent.

Argued before BELL, C.J., RAKER, WILNER, CATHELL, HARRELL, BATTAGLIA and GREENE, JJ.

BELL, C.J.

The Attorney Grievance Commission of Maryland, the petitioner, by Bar Counsel, acting pursuant to Maryland Rule 16–751,[1] filed a Petition For Disciplinary or Remedial Action against Kristin E. Kovacic, the respondent. The petition charged that the respondent violated Rules 1.3, Diligence,[2] 1.4, Communication,[3] and 8.1, Bar Admission and Disciplinary Matters,[4] of the Maryland Rules of Professional Conduct, as adopted by Maryland Rule 16–812.

We referred the case, pursuant to Rule 16–752(a),[5] to the Honorable Karen H. Abrams, of the Circuit Court for St.

---

1.  Maryland Rule 16–751, as relevant, provides:
    "(a) *Commencement of disciplinary or remedial action.* (1) Upon approval of the Commission. Upon approval or direction of the Commission, Bar Counsel shall file a Petition for Disciplinary or Remedial Action in the Court of Appeals."

2.  Rule 1.3 requires "[a] lawyer [to] act with reasonable diligence and promptness in representing a client."

3.  Rule 1.4 provides:
    "(a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.
    "(b) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation."

4.  Rule 8.1 provides, as relevant:
    "An applicant for admission or reinstatement to the bar or a lawyer in connection with a bar admission application or in connection with a disciplinary matter, shall not:
    * * * * * *
    "(b) fail to disclose a fact necessary to correct a misapprehension known by the person to have arisen in the matter, or knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority, except that this Rule does not require disclosure of information otherwise protected by Rule 1.6."

5.  Rule 16–752(a) provides:
    "(a) Order. Upon the filing of a Petition for Disciplinary or Remedial Action, the Court of Appeals may enter an order designating a judge of any circuit court to hear the action and the clerk responsible for maintaining the record. The order of designation shall require the judge, after consultation with Bar Counsel and the attorney, to enter

Mary's County, for hearing pursuant to Rule 16–757(c).[6] Although she was served, the respondent did not file a response, prompting the entry of an order of default, which the respondent did not move to vacate. Following a hearing, at which the petitioner offered, and the hearing court accepted, two exhibits, one of which was that of the complainant, the hearing court found facts by the clear and convincing standard and drew conclusions of law, both as follows.

"Delores Shelby, formerly known as Delores Glasper, retained Ms. Kovacic to represent her in her divorce case against Robert Glasper, Jr., case no. CA01–1189 in the Circuit Court for St. Mary's County, Maryland. A Judgment of Divorce was entered on August 14, 2002. Pursuant to the Judgment of Divorce, the parties were to have a backhoe and grader appraised, and Mr. Glasper was to pay half of the appraised value to Ms. Shelby. The Court retained jurisdiction for purposes of approving a Qualified Domestic Relations Order, awarding $ 13, 237.11 to Ms. Shelby. Ms. Kovacic was supposed to see that the equipment was appraised and that the QDRO was submitted to the Court.

"Ms. Kovacic did not send a copy of the Judgment of Divorce to Ms. Shelby until September 19, 2002, over a month after the Judgment had been entered. Ms. Shelby made numerous attempts to contact Ms. Kovacic in the ensuing months to check on the status of the case, but Ms. Kovacic failed to respond. Ms. Kovacic did not have the equipment appraised and did not submit a QDRO to the Court. Ms.

---

a scheduling order defining the extent of discovery and setting dates for the completion of discovery, filing of motions, and hearing."

6. Maryland Rule 16–757(c) provides:

"(c) Findings and conclusions. The judge shall prepare and file or dictate into the record a statement of the judge's findings of fact, including findings as to any evidence regarding remedial action, and conclusions of law. If dictated into the record, the statement shall be promptly transcribed. Unless the time is extended by the Court of Appeals, the written or transcribed statement shall be filed with the clerk responsible for the record no later than 45 days after the conclusion of the hearing. The clerk shall mail a copy of the statement to each party."

Shelby .wrote to Ms. Kovacic on January 9, 2003, discharging her as counsel because she felt Ms. Kovacic had abandoned her case.

"Ms. Shelby submitted a complaint to the Attorney Grievance Commission of Maryland, which was received by the Commission on March 4, 2003. Office of Bar Counsel wrote to Ms. Kovacic five times, demanding that she respond to Ms. Shelby's complaint. Assistant Bar Counsel called the Respondent on four occasions. Ms. Kovacic acknowledged receipt of the complaint. The Commission never received a response from her prior to the Peer Review meeting held on October 2, 2003.

"Respondent violated Rule 1.3 of the Maryland Rules of Professional Conduct by not acting diligently in arranging for an appraisal and preparing a QDRO. Respondent failed to take care of those matters although she had five months to do so after the Judgment of Divorce was entered.

"Respondent violated Rule 1.4 of the Maryland Rules of Professional Conduct by failing to send a copy of the Judgment of divorce to her client until over a month after it was entered and by failing to respond to her client's inquiries about the status of the case.

"Respondent also violated Rule 8.1(b) of the Maryland Rules of Professional Conduct by failing to respond to numerous inquiries by the Office of Bar Counsel regarding Ms. Shelby's complaint."

Neither the petitioner nor the respondent has excepted to the hearing court's findings of fact and conclusions of law. Only the petitioner filed a recommendation for sanction and appeared at the hearing. This time,[7] the petitioner's recom-

---

7. This is the second time that this case has been set for oral argument. Subsequently to the issuance of the Findings of Fact and Conclusions of Law, the petitioner and the respondent submitted to this Court their *Joint Petition For Reprimand By Consent.* In that petition, the respondent acknowledged that the evidence the petitioner produced was sufficient to sustain the allegations of misconduct and asserted that she was agreeing, "freely and voluntarily without coercion or duress," to

mendation, rather than a reprimand, is that the respondent be indefinitely suspended from the practice of law. That sanction is required, it submits, where, as here, the respondent abandoned her client's case and there has been no showing of mitigation. It contrasts this case with *Attorney Grievance Comm'n v. Tolar,* 357 Md. 569, 745 A.2d 1045 (2000), a case in which the respondent therein committed the same violations. This Court imposed a reprimand in that case in consideration of the respondent's remorse and history of rendering assistance to the Director of the Lawyers Assistance Program of the Maryland State Bar Association.

The purpose of disciplinary proceedings and the sanctions that flow from them is well settled. It is, as we have stated often, to protect the public. *Attorney Grievance Com'n of Maryland v. Pennington* 387 Md. 565, 601–602, 876 A.2d 642, 663–64 (2005); *Attorney Grievance Com'n of Maryland v. Kreamer,* 387 Md. 503, 533–34, 876 A.2d 79, 97–98 (2005); *Attorney Grievance Comm'n v. Steinberg,* 385 Md. 696, 703, 870 A.2d 603, 607 (2005); *Attorney Grievance Comm'n v. Stein,* 373 Md. 531, 533, 819 A.2d 372, 375 (2003); *Attorney Grievance Comm'n v. Sheinbein,* 372 Md. 224, 255, 812 A.2d 981, 999 (2002); *Attorney Grievance Comm'n v. Powell,* 369 Md. 462, 474, 800 A.2d 782, 789 (2002); *Attorney Grievance Comm'n v. Hess,* 352 Md. 438, 453, 722 A.2d 905, 913 (1999); *Attorney Grievance Comm'n v. Webster,* 348 Md. 662, 678, 705

---

the reprimand sanction. Rather than impose the agreed upon sanction, the Court set the matter for hearing. The hearing was held on April 4, 2005, at the conclusion of which, considering the respondent's reported medical condition and her expressed willingness to consent to inactive status, it was understood that the option of the respondent taking inactive status would be explored and that the Court would be apprised accordingly. When, after sixty days, there had been no progress in that regard, Bar Counsel, by letter dated June 14, 2005, advised the Court that, "[a]lthough Ms. Kovacic and [he] have spoken a few times since [April 4, 2005]," he had not received a letter from her physician to confirm her medical condition or a signed consent to inactive status and, in fact, that "Ms. Kovacic was not certain that she wanted to consent to inactive status." The respondent did not contradict these representations, although Bar Counsel's letter noted that she had been copied. Therefore, the case was scheduled once again for oral argument.

A.2d 1135, 1143 (1998); *Attorney Grievance Comm'n v. Awuah,* 346 Md. 420, 435, 697 A.2d 446, 454 (1997). It is not to punish the erring attorney. *Attorney Grievance Comm'n v. Christopher,* 383 Md. 624, 639, 861 A.2d 692, 701 (2004); *Attorney Grievance Comm'n v. Wyatt,* 323 Md. 36, 38, 591 A.2d 467, 468 (1991). That purpose is achieved when sanctions are imposed that are commensurate with the nature and gravity of the violations and the intent with which they were committed. *Awuah,* 346 Md. at 435, 697 A.2d at 454; *Attorney Grievance Comm'n v. Glenn,* 341 Md. 448, 483, 671 A.2d 463, 480 (1996); *Attorney Grievance Comm'n v. Myers,* 333 Md. 440, 447, 635 A.2d 1315, 1318 (1994). This is so, because such sanctions promote general and specific deterrence, *Attorney Grievance Comm'n v. Sliffman,* 330 Md. 515, 529, 625 A.2d 314, 321 (1993); *Attorney Grievance Comm'n v. Berger,* 326 Md. 129, 131, 604 A.2d 58 (1992) (citing *Attorney Grievance Comm'n v. Owrutsky,* 322 Md. 334, 355, 587 A.2d 511, 521 (1991)), protect the integrity of the legal profession, *Attorney Grievance Comm'n v. Cassidy,* 362 Md. 689, 698, 766 A.2d 632, 637 (2001), further the public's confidence in the legal profession, *Stein,* 373 Md. at 533, 819 A.2d at 375 (2003); *Powell,* 369 Md. at 474, 800 A.2d at 789, and take account of the facts and circumstances of each particular case, including any mitigating factors. *See Attorney Grievance Comm'n v. Atkinson,* 357 Md. 646, 656, 745 A.2d 1086, 1092 (2000); *Attorney Grievance Comm'n v. Gavin,* 350 Md. 176, 197–98, 711 A.2d 193, 204 (1998). Relevant to the question of the existence of mitigating factors are, we have held, whether the respondent acted out of a selfish motive, *Attorney Grievance Comm'n v. Thompson,* 367 Md. 315, 330, 786 A.2d 763, 772–73 (2001); *Attorney Grievance Comm'n v. Jaseb,* 364 Md. 464, 481–82, 773 A.2d 516, 526 (2001); *Glenn,* 341 Md. at 488–89, 671 A.2d at 483, whether the attorney has remorse for the misconduct, whether the conduct is likely to be repeated and whether the attorney has a "prior grievance history." *Attorney Grievance Comm'n v. Post,* 379 Md. 60, 71, 839 A.2d 718, 724–25 (2003); *Wyatt,* 323 Md. at 38, 591 A.2d at 468.

This case is practically on all fours with *Tolar*, in which this Court imposed a reprimand. In that case, the respondent, as did the respondent herein, failed to complete a QDRO, failed to communicate with her client and did not timely respond to Bar Counsel's inquiries,[8] thus violating the same Rules, 1.3, 1.4, and 8.1(b). The reprimand in that case was based largely on the respondent's remorse, a factor that could have been, and apparently was, explored in that case, and that sanction was imposed despite prior unreported reprimands on the responding attorney's record. From the respondent's remorse, another factor, that a repeat of the misconduct was unlikely, admittedly not mentioned, could have been inferred.

The record in this case contains no findings of the respondent's remorse or of any other mitigating factor, nor could it. The respondent did not appear for the hearing and thus the reasons, or motive, for her inaction were not, and could not have been, explored. And the Joint Petition For Reprimand By Consent does not provide enlightenment in that regard. In addition to acknowledging that sufficient evidence was submitted to sustain the allegations of misconduct and that she consented "freely and voluntarily" to a reprimand, the effects of which she stated she knew, the respondent simply advised the Court that she "has not been practicing law since November 2003 [and that s]he does not anticipate returning to the practice of law in the foreseeable future." Nor was the Court any more enlightened by the April 4, 2005 court proceedings. To be sure, the Court learned that it was the respondent's medical condition that explained her discontinuation of the practice of law and the belief that she would not resume soon. That disclosure caused the Court and the

---

8. To be sure, the length of the untimely reply in *Tolar* was less than in this case; however, the difference—four months—is not a basis for a different sanction. Nor can a meaningful distinction be drawn by characterizing the respondent's conduct in this case as an essential abandonment of her client's case. In *Tolar*, a period of some two years elapsed before the complaint was filed with Bar Counsel, during which the attorney intentionally did not take any action on behalf of her client. *Attorney Grievance Comm'n v. Tolar*, 357 Md. 569, 576–79, 745 A.2d 1045, 1049–50 (2000).

parties to focus on inactive status as the most appropriate disposition. It did not offer any other insight into whether there were factors mitigating the respondent's misconduct.

The situation, therefore, is this. The respondent, like Tolar, violated Rules 1.3, 1.4 and 8.1(b) of the Rules of Professional Conduct. Unlike Tolar, she has no prior attorney grievance history, a factor that supports a disposition similar to the one Tolar received. More important, however, also unlike in *Tolar*, there is neither a finding, nor any basis for mitigating the respondent's misconduct. While the respondent represented that she was suffering from a medical condition that caused her to cease practicing law and made her return to the practice in the foreseeable future uncertain, the respondent has failed to submit documentation to confirm its existence, despite having been requested, and having agreed, to do so. And, according to the petitioner, the respondent now expresses uncertainty as to her willingness to take inactive status as she previously indicated she was willing to do. There simply is nothing, moreover, of record to indicate the likelihood of a repetition of the conduct. Accordingly, we believe that the appropriate sanction—the one that will protect the public—is that recommended by the petitioner, the indefinite suspension of the respondent from the practice of law. This sanction ensures, because she can be readmitted to practice only on order of this Court, *Steinberg*, 385 Md. at 706 n. 10, 870 A.2d at 609 n. 10, that the respondent will not be permitted to practice until this Court is satisfied she is able to do so and, further, will practice consistent with the Maryland Rules of Professional Conduct.

IT IS SO ORDERED; RESPONDENT SHALL PAY ALL COSTS AS TAXED BY THE CLERK OF THIS COURT, INCLUDING COSTS OF ALL TRANSCRIPTS, PURSUANT TO MARYLAND RULE 16–715, FOR WHICH SUM JUDGMENT IS ENTERED IN FAVOR OF THE ATTORNEY GRIEVANCE COMMISSION AGAINST KRISTIN E. KOVACIC.