912 A.2d 651

**ATTORNEY GRIEVANCE COMMISSION OF MARYLAND**

v.

**Sean W. BAKER.**

**Misc. Docket AG No. 14, Sept. Term, 2005.**

Court of Appeals of Maryland.

Dec. 11, 2006.

**16**

Raymond A. Hein, Asst. Bar Counsel (Melvin Hirshman, Bar Counsel, Atty. Grievance Com'n), for petitioner.

Sean W. Baker, Reisterstown, for respondent.

Argued before BELL, C.J., RAKER, WILNER, CATHELL, HARRELL, BATTAGLIA and GREENE, JJ.

BELL, C.J.

The Attorney Grievance Commission of Maryland, the petitioner, by Bar Counsel, acting pursuant to Maryland Rule 16–751,[1] filed a Petition For Disciplinary or Remedial Action

---

**1.** Maryland Rule 16–751, as relevant, provides:

against Sean W. Baker, the respondent. The petition, the product of reciprocal discipline proceedings and two unrelated complaints,[2] in addition to noting the respondent's disbarment by the United States District Court for the District of Maryland, charged that the respondent violated Rules 1.3, Diligence,[3] 1.4, Communication,[4] 1.16, Declining or terminating representation,[5] and 8.1, Bar Admission and Disciplinary Matters,[6] of the Maryland Rules of Professional Conduct, as adopted by Maryland Rule 16–812.

"(a) Commencement of disciplinary or remedial action.
"(1) *Upon approval of the Commission.* Upon approval or direction of the Commission, Bar Counsel shall file a Petition for Disciplinary or Remedial Action in the Court of Appeals."

2. These proceedings began with a petition, filed by Bar Counsel, seeking reciprocal discipline in light of the respondent's disbarment by the United States District Court for the District of Maryland. Subsequent to the issuance of a show cause order in respect of that matter, other complaints against the respondent, unrelated to the disbarment, were filed with the petitioner and ultimately were made the subject of separate show cause orders issued by this Court. Following argument in this Court on the show cause orders, we referred the charges to Judge Robert E. Cahill, Jr., of the Circuit Court for Baltimore County for a consolidated determination and the petitioner filed an Amended Petition for Disciplinary or Remedial Action.

3. Rule 1.3 requires "[a] lawyer [to] act with reasonable diligence and promptness in representing a client."

4. Rule 1.4 provides:
"(a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.
"(b) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation."

5. Rule 1.16, as pertinent, provides:
\*    \*    \*    \*    \*    \*
"(d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law."

6. Rule 8.1 provides, as relevant:

We referred the case, pursuant to Rule 16–752(a),[7] to the Honorable Robert E. Cahill, Jr., of the Circuit Court for Baltimore County, for hearing pursuant to Rule 16–757(c).[8] After the hearing, at which the respondent appeared and participated, including testifying, and the petitioner offered, and the hearing court accepted, two exhibits, one of which was the petitioner's Request for Admission of Facts and Genuineness of Documents and the other the respondent's Response to Petitioner's Request for Admissions, the hearing court found facts by the clear and convincing standard and drew conclusions of law, both as follows (footnotes omitted):

"An applicant for admission or reinstatement to the bar or a lawyer in connection with a bar admission application or in connection with a disciplinary matter, shall not:

\*  \*  \*  \*  \*  \*

"(b) fail to disclose a fact necessary to correct a misapprehension known by the person to have arisen in the matter, or knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority, except that this Rule does not require disclosure of information otherwise protected by Rule 1.6."

7. Rule 16–752(a) provides:

"(a) Order. Upon the filing of a Petition for Disciplinary or Remedial Action, the Court of Appeals may enter an order designating a judge of any circuit court to hear the action and the clerk responsible for maintaining the record. The order of designation shall require the judge, after consultation with Bar Counsel and the attorney, to enter a scheduling order defining the extent of discovery and setting dates for the completion of discovery, filing of motions, and hearing."

8. Maryland Rule 16–757(c) provides:

"(c) Findings and conclusions. The judge shall prepare and file or dictate into the record a statement of the judge's findings of fact, including findings as to any evidence regarding remedial action, and conclusions of law. If dictated into the record, the statement shall be promptly transcribed. Unless the time is extended by the Court of Appeals, the written or transcribed statement shall be filed with the clerk responsible for the record no later than 45 days after the conclusion of the hearing. The clerk shall mail a copy of the statement to each party."

*"I) PETITION FOR DISCIPLINARY ACTION BASED ON ORDER OF DISBARMENT ENTERED IN THE U.S. DISTRICT COURT FOR THE DISTRICT OF MARYLAND ON MAY 9, 2005.*

"Respondent was engaged to represent a William A. Younkin in a civil action asserted in the U.S. District Court for the District of Maryland on July 28, 2003. On December 10, 2003, Respondent was ordered to show cause by December 29, 2003 why the case he filed should not be dismissed after it had been dormant for over five months. Respondent filed a belated response to the Court's order on January 5, 2004. On January 8, 2004, a scheduling order was filed. Respondent did not meet the scheduling order deadlines. Specifically, the Respondent failed to meet the March 8, 2004 deadline for identifying expert witnesses. On April 7, 2004, the U.S. District Court extended the time to file disclosures regarding expert witnesses and issued a show cause order as to why respondent should not be responsible for defendant's costs in continuing to defend the action. Respondent failed to comply with the show cause order and on April 27, 2004 sanctions were imposed against Respondent. Moreover, Respondent failed to meet the extended deadline for identification of plaintiff's expert witnesses. On April 29, 2004 defendant filed a motion for summary judgment, which was ultimately granted, to which Respondent did not respond.

"On June 4, 2004 the U.S. District Court entered an award of monetary sanctions against Respondent in the amount of $356.17. The Court ordered that the amount be paid to the defendant by June 25, 2004. Respondent failed to pay the monetary sanction by the date ordered. In response, the U.S. District Court ordered on July 14, 2004 that Respondent appear before the court on July 20, 2004 to show cause why he should not be held in contempt for failing to comply with the Court's order. Respondent failed to appear on July 20, 2004. A warrant was issued for his arrest, and Respondent was arrested and brought before the Court on July 21, 2004. The Court passed an order that held Respondent in contempt and forwarded the matter to the Disciplinary Committee of the

U.S. District Court. On November 2, 2004, the U.S. District Court sent a letter to Respondent requesting a written explanation as to the Respondent[']s failure to answer or comply with any of the Court's orders. Respondent did not respond to the letter.

"On February 3, 2005, the U.S. District Court issued an order requiring Respondent to show cause why he should not be appropriately sanctioned for his failure to respond to any and all correspondence. A three-judge panel was scheduled for March 11, 2005. Respondent finally appeared. At the hearing, Respondent was required to respond in writing to the Court's November 2, 2004 letter on or before March 25, 2005. This information was stated again in a letter dated March 11, 2005. Respondent did not respond to the Court's order or the letter dated March 11, 2005. As a result Respondent was disbarred from the practice of law before the U.S. District Court for the District of Maryland on May 10, 2005.

"Maryland Rule 16–773(g) reads, in pertinent part:

" 'final adjudication in a disciplinary or remedial proceeding by another court, agency, or tribunal that an attorney has been guilty of professional misconduct or is incapacitated is conclusive evidence of that misconduct or incapacity in any proceeding of this Chapter'

"This Court finds that Respondent has violated Rules 3.4 and 8.4. By his actions, or lack thereof, Respondent has knowingly disobeyed his obligation to the tribunal and failed to make reasonably diligent efforts toward the fair and orderly completion of discovery. Respondent ignored all responsibility for adhering to the rules and procedure of the United States District Court. The Court is not persuaded that these failures resulted in whole or in part from depression, alcohol use or the other problems which Respondent sought to raise factually to mitigate his failure to obey numerous rules of the tribunal. Respondent has engaged in conduct that is prejudicial to the administration of justice.

## "II) *COMPLAINT OF BARBARA AND MICHELE CLANTON*

"Petitioner asserts that Respondent failed in his duty to abide by the Maryland Rules of Professional Conduct, specifically Rules 1.3, 1.4, 1.16, and 8.1 with regard to Respondent's handling of Ms. Clanton–Edmonds' case.

"Support for Petitioner's assertions was best summarized in Petitioner's Request for Admission of Facts and Genuineness of Documents, which was admitted into evidence as 'Petitioner's Exhibit I.' The facts were verified by and further elaborated on by Ms. Clanton–Edmonds' testimony at the hearing on June 19, 2006.

"Ms. Clanton–Edmonds testified that in August 2001 she and her daughter in law, Michele Clanton, engaged Respondent to investigate and assert a claim against Lorien Frankford Nursing & Rehabilitation Center (hereinafter 'Lorien.'). The claim was based upon that facility's alleged negligence in caring for Elwin Clanton over a period of several weeks immediately prior to his death on July 24, 2001. Elwin Clanton was Ms. Clanton–Edmonds' son and Michele Clanton's wife. Although Respondent agreed to represent Ms. Clanton–Edmonds and Michele Clanton, Respondent failed to file suit within the appropriate time required by the statute of limitations against Lorien or any other potentially liable entity or individual. Ms. Clanton–Edmonds' testimony showed that despite her repeated requests for information regarding the filing and status of her case, such information was not provided to her by Respondent.

Respondent failed to notify Ms. Clanton–Edmonds or Michele Clanton when he vacated his law office in the spring of 2004. Furthermore, Ms. Clanton–Edmonds' testimony indicated that she was not notified that Respondent was terminating representation of her in the matter. Respondent's failure to timely notify Ms. Clanton–Edmonds that he was terminating his representation left her without sufficient time to secure employment of other counsel. Consequently, her case was barred by the statute of limitations. Also, Ms. Clanton–

Edmonds stated that Respondent had not returned the original papers and photographs she gave to Respondent.

"As a result of Respondent's actions, Ms. Clanton–Edmonds and Michele Clanton filed a complaint against Respondent with Bar Counsel. Respondent received a letter on April 30, 2004 from Bar Counsel requesting a response to a complaint made by Ms. Clanton–Edmonds. Respondent failed to respond to the April 30, 2004 letter. Respondent received a letter on May 26, 2004 from Bar Counsel requesting a response to a complaint made by Ms. Clanton–Edmonds. Respondent failed to respond to the May 26, 2004 letter. Respondent received a letter on June 17, 2004 requesting a response to Ms. Clanton–Edmonds' complaint. Respondent failed to respond to the June 17, 2004 letter. Respondent received a letter on July 2, 2004 from Bar Counsel requesting a response to Ms. Clanton–Edmonds' complaint. Once again, Respondent failed to answer the letter. Respondent at no point submitted any response to Bar Counsel's request for information in regard to Ms. Clanton–Edmonds' complaint.

"This court finds that, as a matter of law, Respondent has violated [R]ules 1.3, 1.4, 1.16, and 8.1 in failing to answer the repeated queries of Bar Counsel. Respondent violated rule 1.3 by not by not acting with diligence and promptness in either filing a claim for Ms. Clanton–Edmonds or informing her that he was not going to file a claim because he did not believe there was a substantial basis for doing so. Respondent violated [R]ule 1.4 by not keeping Ms. Clanton–Edmonds informed about the status, or lack thereof, of her case. Respondent has violated [R]ule 1.16 in failing to inform Ms. Clanton–Edmonds he was shutting the doors to his law practice and failing to return to Ms. Clanton–Edmonds her documents and photographs. Respondent has violated [R]ule 8.1 in failing to answer the repeated queries of Bar Counsel.

"Respondent offered mitigation about his mother's illness, his father's illness and ultimate death, his depression, his alcohol use to treat said depression, his treatment for alcohol

abuse, and his relapse with alcohol. The Court did not find Respondent's mitigation to be persuasive.

## "III) *COMPLAINT OF TERRENCE K. BRADLEY*

"Petitioner asserts that Respondent failed in his duty to abide by the Maryland Rules of Professional conduct, specifically Rule 8.1. Support for Petitioner's assertions was best summarized by Petitioner's Request for Admission of Facts and Genuineness of Documents, which was admitted into evidence as 'Petitioner's Exhibit I.'

"Respondent agreed to represent Terrence K. Bradley in October of 2000 on a criminal assault charge and an expungement of records relating to a separate, prior charge. Respondent handled the defense of the assault charge adequately, but failed to respond to Mr. Bradley's request for information relating to the expungement. Respondent received a letter on May 5, 2004 from Bar Counsel requesting a response to a complaint made by Mr. Bradley. Respondent failed to respond to the May 5, 2004 letter. Respondent received a letter on June 17, 2004 requesting a response to Mr. Bradley's complaint. Respondent failed to respond to the June 17, 2004 letter. Respondent received a letter on July 2, 2004 from bar counsel requesting a response to Mr. Bradley's complaint. Once again, Respondent failed to answer the letter. Respondent at no point submitted any response to Bar Counsel's request for information in regards to Mr. Bradley's complaint.

"Respondent offered mitigation about his mother's illness, his father's illness and ultimate death, his depression, his alcohol use to treat said depression, his treatment for alcohol abuse, and his relapse with alcohol. The Court did not find Respondent's mitigation to be persuasive as it failed to reach the preponderance of the evidence standard as required by the Maryland Rules.

"This court finds that, as a matter of law, Respondent has violated Rule 1.4 [9] in failing to address Mr. Bradley's request

---

9. Although not taking any exceptions, the petitioner notes an error in the hearing court's conclusions. Although the respondent was charged

for information as well as Rule 8.1 in failing to answer the repeated queries of Bar Counsel."

█ Neither the petitioner nor the respondent takes exceptions to the hearing court's findings of facts or conclusions of law. The respondent did appear for argument but did not file a recommendation for sanction. The petitioner has made a recommendation for disposition, that the respondent be disbarred. In support of that recommendation, the petitioner relies on the respondent's disbarment from the practice of law in the federal District Court, referencing the circumstances that resulted in that sanction, which it characterizes as "a series of repeated failures on the part of the Respondent to meet court-mandated discovery deadlines and to comply with court orders." In addition to the disbarment, the petitioner relies on the misconduct the hearing court found the respondent to have engaged in in connection with the two complaints filed with the petitioner. Of particular importance to the petitioner is the respondent's failure or refusal to respond to "multiple letters from Bar Counsel requesting a response to the complaint," an omission, characterized as "disdain," it equated "with the disrespect [the respondent] demonstrated to the U.S. District Court's Disciplinary and Admissions Committee." Also relevant, of course, is the nature of the misconduct itself and its effect—failing to act with reasonable diligence, failing to keep the clients informed and the ultimate abandonment of the clients, without returning their file, with the result that any cause of action they may have had was lost.

█ The purpose of disciplinary proceedings and the sanctions that flow from them is well settled. It is, as we have stated often, to protect the public. *Attorney Grievance Comm'n of Maryland v. Pennington* 387 Md. 565, 601–602,

---

with a violation of Rule 1.4 in the original Petition for Disciplinary or Remedial Action, filed with the Court May 24, 2005, it was not charged in the amended Petition, filed February 14, 2006, the petitioner presumably having determined not to pursue it. Accordingly, as to the Bradley complaint, the only Rule violation that could have been found and, therefore, is sanctionable, is Rule 8.1.

876 A.2d 642, 663–64 (2005); *Attorney Grievance Comm'n of Maryland v. Kreamer,* 387 Md. 503, 533–34, 876 A.2d 79, 97–98 (2005); *Attorney Grievance Comm'n v. Steinberg,* 385 Md. 696, 703, 870 A.2d 603, 607 (2005); *Attorney Grievance Comm'n v. Stein,* 373 Md. 531, 533, 819 A.2d 372, 375 (2003); *Attorney Grievance Comm'n v. Sheinbein,* 372 Md. 224, 255, 812 A.2d 981, 999 (2002); *Attorney Grievance Comm'n v. Powell,* 369 Md. 462, 474, 800 A.2d 782, 789 (2002); *Attorney Grievance Comm'n v. Hess,* 352 Md. 438, 453, 722 A.2d 905, 913 (1999); *Attorney Grievance Comm'n v. Webster,* 348 Md. 662, 678, 705 A.2d 1135, 1143 (1998); *Attorney Grievance Comm'n v. Awuah,* 346 Md. 420, 435, 697 A.2d 446, 454 (1997). It is not to punish the erring attorney. *Attorney Grievance Comm'n v. Christopher,* 383 Md. 624, 639, 861 A.2d 692, 701 (2004); *Attorney Grievance Comm'n v. Wyatt,* 323 Md. 36, 38, 591 A.2d 467, 468 (1991). That purpose is achieved when sanctions are imposed that are commensurate with the nature and gravity of the violations and the intent with which they were committed. *Awuah,* 346 Md. at 435, 697 A.2d at 454; *Attorney Grievance Comm'n v. Glenn,* 341 Md. 448, 483, 671 A.2d 463, 480 (1996); *Attorney Grievance Comm'n v. Myers,* 333 Md. 440, 447, 635 A.2d 1315, 1318 (1994). This is so, because such sanctions promote general and specific deterrence, *Attorney Grievance Comm'n v. Sliffman,* 330 Md. 515, 529, 625 A.2d 314, 321 (1993); *Attorney Grievance Comm'n v. Berger,* 326 Md. 129, 131, 604 A.2d 58 (1992) (*citing Attorney Grievance Comm'n v. Owrutsky,* 322 Md. 334, 355, 587 A.2d 511, 521 (1991)), protect the integrity of the legal profession, *Attorney Grievance Comm'n v. Cassidy,* 362 Md. 689, 698, 766 A.2d 632, 637 (2001), further the public's confidence in the legal profession, *Stein,* 373 Md. at 533, 819 A.2d at 375 (2003); *Powell,* 369 Md. at 474, 800 A.2d at 789, and take account of the facts and circumstances of each particular case, including any mitigating factors. *See Attorney Grievance Comm'n v. Atkinson,* 357 Md. 646, 656, 745 A.2d 1086, 1092 (2000); *Attorney Grievance Comm'n v. Gavin,* 350 Md. 176, 197–98, 711 A.2d 193, 204 (1998).

As to what our cases require, the petitioner argues:

"This Court recently stated that '[i]ndefinite suspension from the practice of law is the proper sanction where the attorney violates MRPC 1.3, 1.4, 8.1(b) and 8.4(d) by failing to communicate with the client and failing to cooperate with Bar Counsel and where the attorney's conduct is not so egregious that only disbarment can adequately protect the public." *Attorney Grievance Commission v. Lee (Lee IV)*, 393 Md. 546, 903 A.2d 895 (2006), slip op. at 17–18 citing *Attorney Grievance Commission v. Kovacic*, 389 Md. 233, 884 A.2d 673 (2005). In the instant case, the Respondent not only committed each of the MRPC violations recited in *Lee IV*, but also additional acts of misconduct involving disobedience of multiple court orders and failure to protect a client's interests upon termination of representation. The hearing judge did not find the Respondent's mitigation evidence to be persuasive. As in *Attorney Grievance Commission v. Wallace*, 368 Md. 277, 293, 793 A.2d 535, 545 (2002), the Respondent's pattern of conduct is such that "only the most severe sanction of disbarment will provide the protection to the public that this procedure is supposed to provide." *See Also Attorney Grievance Commission v. Logan*, 390 Md. 313, 888 A.2d 359 (2005); *Attorney Grievance Commission v. Tinsky*, 377 Md. 646, 835 A.2d 542 (2003); *Attorney Grievance Commission v. Faber*, 373 Md. 173, 817 A.2d 205 (2003) disbarment deemed appropriate in each case based upon serious neglect of client affairs and related misconduct. Under the circumstances, the Respondent should be disbarred from the practice of law in this State.

We agree. We would reiterate and re-emphasize the respondent's federal disbarment and the circumstances that gave rise to it as an aggravating factor of significant importance. The appropriate sanction in this case is disbarment.

IT IS SO ORDERED; RESPONDENT SHALL PAY ALL COSTS AS TAXED BY THE CLERK OF THIS COURT, INCLUDING COSTS OF ALL TRANSCRIPTS, PURSUANT TO MARYLAND RULE 16–761, FOR WHICH SUM JUDGMENT IS ENTERED IN FAVOR OF THE ATTOR-

NEY GRIEVANCE COMMISSION AGAINST SEAN WILSON BAKER.