903 A.2d 895

ATTORNEY GRIEVANCE COMMISSION OF MARYLAND

v.

Norman Joseph LEE, III.

Misc. AG No. 20, Sept. Term, 2005.

Court of Appeals of Maryland.

July 31, 2006.

548

John C. Broderick, Esq., Assistant Bar Counsel, Attorney Grievance Commission of Maryland, for Petitioner.

Norman Joseph Lee, III, Bel Air, Maryland, for Respondent.

Argued before: BELL, C.J., and RAKER, WILNER, CATHELL, HARRELL, BATTAGLIA and GREENE, JJ.

HARRELL, J.

The Attorney Grievance Commission ("Petitioner"), acting through Bar Counsel, filed with this Court a petition for disciplinary action against Norman Joseph Lee, III ("Respondent"),[1] alleging violations of the Maryland Rules of Professional Conduct ("MRPC") in his representation of Connie Marie Baker ("Complainant") in her Chapter 7 bankruptcy petition. Petitioner charged Respondent with violating MRPC 1.3 (diligence),[2] 1.4 (communication),[3] 1.16(d) (declining

---

1. This is the third disciplinary proceeding against Respondent. Respondent was charged with violations of MRPC 1.3, 1.4(a), 8.1(a), and 8.4(c) in *Attorney Grievance Commission v. Lee* (*Lee I*), 387 Md. 89, 874 A.2d 897 (2005), which we remanded to the hearing judge for further proceedings. Respondent was also the subject of another disciplinary proceeding, *Attorney Grievance Comm'n v. Lee* (*Lee II*), 390 Md. 517, 890 A.2d 273 (2006), in which he received a public reprimand for violating MRPC 1.3 and 1.4. Respondent later received an indefinite suspension for his violations in the *Lee I* matter. *Attorney Grievance Comm'n v. Lee* (*Lee III*), 393 Md. 385, 903 A.2d 360 (2006).

2. MRPC 1.3 provides:

or terminating representation),[4] 3.2 (expediting litigation),[5] 8.1(b) (bar admission and disciplinary matters),[6] and 8.4(d) (misconduct).[7] Pursuant to Maryland Rule 16–752(a), we referred the matter to the Honorable Vicki Ballou–Watts of the Circuit Court for Baltimore County to conduct an evidentiary hearing and render findings of fact and recommended conclusions of law.

---

A lawyer shall act with reasonable diligence and promptness in representing a client.

**3.** At the time Respondent was charged, MRPC 1.4(a) and (b) provided:
(a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.
(b) A lawyer shall explain a matter to the extend reasonably necessary to permit the client to make informed decisions regarding the representation.

**4.** MRPC 1.16(d) provides:
(d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law.

**5.** MRPC 3.2 provides:
A lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client.

**6.** MRPC 8.1(b) provides:
An applicant for admission or reinstatement to the bar, or a lawyer in connection with a bar admission application or in connection with a disciplinary matter, shall not:
* * *
(b) fail to disclose a fact necessary to correct a misapprehension known by the person to have arisen in the matters, or knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority, except that this rule does not require disclosure of information otherwise protected by Rule 1.6.

**7.** MRPC 8.4(d) provides:
It is professional misconduct for a lawyer to:
* * *
(d) engage in conduct that is prejudicial to the administration of justice.

## I.

Respondent was served with the Petition, Order, and Writ of Summons on 14 July 2005, directing him to respond to the charges within 15 days from the date of service, pursuant to the order of this Court and Maryland Rule 16–574(a). Respondent filed his Answer to the Petition for Disciplinary Action with the Clerk of the Circuit Court on 18 August 2005, more than a month after he was served.[8] Petitioner filed on 25 August 2005 a Motion to Strike Respondent's Answer to the Petition for Disciplinary Action.

An Order of Default was entered against Respondent on 23 August 2005. The evidentiary hearing was set for 20 October 2005. Respondent neither filed a request to vacate the Order of Default nor appeared at the scheduled hearing.[9] At the conclusion of the hearing, the hearing judge granted Petitioner's Motion to Strike Respondent's Answer and received Petitioner's evidence.

On 16 December 2005, Judge Ballou–Watts filed the following findings of fact and conclusions of law:

### III. FINDINGS OF FACT

Respondent Norman Joseph Lee, III was admitted to the Maryland Bar on March 31, 1981. He is a solo practitioner in Bel Air, Harford County, Maryland.

---

**8.** The Certificate of Service of Respondent's Answer was dated 8 August 2005 by Respondent, but the envelope transmitting the Answer via U.S. regular mail was postmarked on 17 August 2005.

**9.** The hearing judge made repeated efforts to contact Respondent when he failed to appear at the hearing, and reached him on his cellular phone more than two hours later. Respondent indicated that he was unaware of the hearing because the hearing date was not listed on his work calendar, and that it would take him another hour and a half to arrive. When asked specifically whether he had received any notification from the court about this hearing, Respondent replied, "I am not denying that I did—didn't received notification from the [c]ourt; I'm saying it was not on my calendar." Respondent later denied in his Motion for Reconsideration and during oral argument before this Court, held on 6 April 2006, that he received any notification about this hearing.

At all relevant times herein, Respondent maintained an active general practice with a concentration in business, bankruptcy, personal injury and estate matters. He also represented clients in criminal cases, though mostly at the District Court level.

Complainant Connie Marie Baker retained the Respondent to represent her in filing a Chapter 7 Bankruptcy Petition, which the Respondent agreed to do for a proposed fee of $750.00 plus $200.00 costs. During the representation, Complainant paid $625.00 towards the total amount of $950.00 and expenses due.

Respondent filed a Chapter 7 Voluntary Petition for Bankruptcy (Petition No. 03–81456) in the U.S. Bankruptcy Court, District of Maryland, on behalf of Complainant, on September 26, 2003.

The first meeting for creditors was scheduled to be held on November 5, 2003 at 9:00 a.m. and 300 West Pratt Street, # 375, Baltimore, Maryland 21201. Notice of this meeting was posted to the Respondent on September 28, 2003. Respondent was requested to produce certain annuity documents deemed necessary by the Bankruptcy Trustee.

Respondent was late to the meeting, thereby delaying the proceedings and causing Complainant, the Trustee and creditors to be kept waiting for his appearance. Although the requested documents were entrusted to Respondent, he failed to bring them to the scheduled creditors meeting. Respondent promised to make the documents available but failed to do so.

Due to Respondent's failure to provide the requested annuity documents, the Bankruptcy Trustee was caused to file numerous Motions to Extend Time to Object to Discharge and Motions to Object to Exemptions. Complainant received a letter from the Trustee on or about January 14, 2004, and was surprised to find that the annuity documents had still not been forwarded to the Trustee.

By letter dated February 10, 2004, Complainant expressed her disappointment with Respondent's inactivity on her behalf and his failure to respond to her contact attempts regarding her representation. This letter further notified Respondent that he was discharged as her attorney and requested a copy of all papers filed with the Bankruptcy Trustee, return of her file and a refund of $50.00 of the $625.00 paid as of that date. Copies of the letter were sent to the Bankruptcy Trustee, the attorney for the trustee and the Justice Department's attorney representing the Office of the United States Trustee.

Bankruptcy Trustee filed two additional Motions to Extend Time to Object to Discharge after February 2004. On June 16, 2004, Bankruptcy Trustee filed a Motion to Reduce Compensation and for Return of Excessive Fees.

By letter dated March 4, 2004, Connie Marie Baker filed a complaint with the Attorney Grievance Commission regarding Respondent's representation of her in the Chapter 7 Bankruptcy Proceeding. At that time, Complainant still had not received her client file or a refund of unearned fees. Complainant attributed a total of 125 days in additional postponements to Respondent's failure to cooperate, dilatory conduct and inaction.

The complaint was docketed and forwarded to the Respondent, along with a letter seeking his response on March 22, 2004. The letter requested response within ten (10) days and directed Respondent's attention to Maryland Rule of Professional Conduct 8.1. No response was made within this time limit.

On April 9, 2004, a second request for information was sent to the Respondent via certified mail, return receipt requested. The return receipt indicated that it was delivered on April 14, 2004. The second request for information sought a response within seven (7) days.

While awaiting response to her complaint, Complainant notified Petitioner, through Bar Counsel, that she had not received any responses to letters posted to Respondent, including the February 10, 2004 letter, discharging him as

her attorney. This letter was mailed via certified mail, return receipt requested. Despite Respondent's failure to reply to Complainant's letters, Complainant received a bill from his office.

By letter dated April 15, 2004, Respondent's secretary notified Petitioner, through Bar Counsel, that Respondent had suffered a severe injury in a fall and had to undergo emergency surgery while out of state. The letter indicated that Respondent was hospitalized in intensive care in New Jersey. As of the date of the letter, Respondent's prognosis and availability was unknown. · Therefore, Respondent's secretary sought an extension on Respondent's behalf. The extension was granted by letter dated April 21, 2004.

By letter dated May 6, 2004, Respondent's secretary notified Petitioner, through Bar Counsel, that Respondent was not expected to return to his office on a regular basis until mid-June, 2004. By that time, Bar Counsel had previously requested documentation of Respondent's medical condition, diagnosis, prognosis and recovery time. Respondent allegedly requested that the documentation be forwarded and, in the interim, provided a copy of the hospital discharge paper and a hospital bill. Complainant was never notified by Respondent or Respondent's secretary of his medical condition.

By letter dated May 13, 2004 and addressed to his secretary, Respondent was notified that written documentation of his medical condition was still requested. The letter also indicated that the investigation would be held in abeyance until mid-June, or until the doctors' reports indicated that Respondent was permitted to return to work. Thereafter, no response was received from Respondent or his secretary regarding his prognosis or Petitioner's request for information in the disciplinary investigation.

A Statement of Charges was prepared and forwarded to Respondent on December 10, 2004. This letter directed that the results of the investigation be forward to a Peer Review meeting pursuant to Rule 16–741. An investigative file and cover letter were forwarded to the Respondent in

addition to the Statement of Charges. All documentation indicated that Respondent had a right to respond to the Statement of Charges in writing as set forth pursuant to Rule 16–734(b)(4). No written response was provided.

The Bankruptcy Trustee brought an adversary proceeding against the Complainant and initiated proceedings against the Respondent personally for sanctions and to show cause why his fees were unreasonable and should be returned to the estate. These proceedings were brought, in part, because of Respondent's inaction.

## IV. CONCLUSIONS OF LAW

Petitioner requested findings of fact and conclusions of law as to violations of Maryland Rules of Professional Conduct 1.3, 1.4, 1.16, 3.2, 8.1(b) and 8.4(d).

Pursuant to Maryland Rule 2–323(e), the averments set forth in the Statement of Charges are deemed admitted unless denied in the responsive pleading or covered by a general denial.

This court finds by clear and convincing evidence that Respondent Norman Joseph Lee, III committed the following violations of the Maryland Rules of Professional Conduct.

Rule 1.3 Diligence.

A lawyer shall act with reasonable diligence and promptness in representing a client.

Respondent violated Rule 1.3 when he:

Failed to timely appear at the scheduled meeting of creditors on behalf of his client;

Failed to bring and produce annuity documents requested by the Trustee, which had already been entrusted to Respondent by Complainant; and

Failed to diligently pursue the legal matter in a timely manner, causing numerous Motions to Extend Time to Object to the Discharge of his client's petition for bankruptcy and numerous Objections to Exemptions filed by the

Bankruptcy Trustee, delaying the remedy and relief sought by his client.

Rule 1.4 Communication.

(a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

(b) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.

Respondent violated Rule 1.4 when he:

Failed to keep his client reasonably informed about the status of her bankruptcy proceeding;

Failed to respond to his client's request for a copy of all papers filed with the Trustee;

Failed to inform his client that he did not file promised documents with the Trustee; and

Failed to respond to his client's request for return of her file and a refund of a portion of the fee promised as of that date.

Rule 1.16 Declining or Terminating Representation.

( [d] ) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law.

Respondent violated rule 1.16 when he:

Failed to return the client file to Complainant after receipt of her February 10, 2004 letter, discharging Respondent as her attorney; and

Failed to refund Complainant unearned fees after receipt of her February 10, 2004 letter, discharging Respondent as her attorney.

Rule 3.2 Expediting Litigation.

A lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client.

Respondent violated Rule 3.2 when he:

Failed to respond to numerous requests of the Bankruptcy Trustee to provide necessary annuity documents; and

That such failure caused several Motions to Extend Time to be filed, thus delaying the conclusion of the bankruptcy proceedings on his client's behalf.

Rule 8.1 Bar Admission and Disciplinary Matters.

An applicant for admission or reinstatement to the bar, or a lawyer in connection with a bar admission application or in connection with a disciplinary matter, shall not:

(b) Fail to disclose a fact necessary to correct a misapprehension known by the person to have arisen in the matters, or knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority, except that this rule does not require disclosure of information otherwise protected by Rule 1.6.

Rule 8.4 Misconduct.

It is professional misconduct for a lawyer to:

(d) Engage in conduct that is prejudicial to the administration of justice.

Respondent violated Rules 8.1(b) and 8.4(d) when he:

Failed to respond to the complaint of Connie Marie Baker forwarded to Respondent by letter dated March 22, 2004;

Failed to respond to Petitioner's request for information dated April 9, 2004 by certified mail, return receipt requested; and

Failed to respond to Petitioner's repeated requests for documentation regarding Respondent's medical condition, diagnosis, prognosis and recovery time which Respondent claimed as the cause for delay in Complainant's Bankruptcy proceedings.

Neither Petitioner nor Respondent took any written exceptions to the hearing judge's findings of fact and conclusions of law. On 4 January 2006, Petitioner filed a Recommendation

for Sanction, recommending that Respondent be suspended indefinitely from the practice of law.

Oral argument in this Court was set for 6 April 2006. Two days before oral argument, Respondent filed a Motion for Reconsideration Based on Fraud, Deceit and Misrepresentation, in which he: (1) denied that he failed to answer the Petition for Disciplinary Action in a timely manner; (2) alleged that the Assistant Bar Counsel handling this matter pursued the case despite the Complainant's request that it be dismissed; (3) claimed that the Assistant Bar Counsel violated Maryland Rule 16–731(d), which requires an investigation to be completed within 90 days after a complaint is filed, unless extension is granted by the Commission; (4) averred that the Assistant Bar Counsel pursued this matter in retaliation for Respondent's allegation of misconduct against him in an earlier disciplinary case against Respondent, and that Bar Counsel refused to address the alleged abusive conduct of the Assistant Bar Counsel; and (5) asserted that the hearing judge was biased against him.

## II.

The Court of Appeals exercises original jurisdiction over attorney discipline proceedings. *Attorney Grievance Comm'n v. Zdravkovich*, 381 Md. 680, 693, 852 A.2d 82, 90 (2004); *Attorney Grievance Comm'n v. Harris*, 371 Md. 510, 539, 810 A.2d 457, 474 (2002). This Court has the ultimate authority to decide whether a lawyer has violated the professional rules. *Attorney Grievance Comm'n v. Harrington*, 367 Md. 36, 49, 785 A.2d 1260, 1267 (2001). We accept a hearing judge's findings of fact unless we determine that they are clearly erroneous. *Attorney Grievance Comm'n v. Guida*, 391 Md. 33, 50, 891 A.2d 1085, 1095 (2006). As to the hearing judge's conclusions of law, our consideration is essentially *de novo*, even where default orders and judgments have been entered at the hearing level. *Harrington*, 367 Md. at 49, 785 A.2d at 1267–68.

■ Either party may file post-hearing written exceptions to the findings and conclusions of the hearing judge. Maryland Rule 16–758.[10] Maryland Rule 16–759(b)(2) provides:

(2) Findings of fact. (A) If no exceptions are filed. If no exceptions are filed, the Court may treat the findings of fact as established for the purpose of determining appropriate sanctions, if any.

(B) If exceptions are filed. If exceptions are field, the Court of Appeals shall determine whether the findings of fact have been proven by the requisite standard of proof set out in Rule 16–757(b). The Court may confine its review to the findings of fact challenged by the exceptions. The Court shall give due regard to the opportunity of the hearing judge to assess the credibility of witnesses.

Thus, if no exceptions are filed timely, we accept the hearing court's findings of fact as established for the purposes of determining the appropriate sanction. *Attorney Grievance Comm'n v. Logan,* 390 Md. 313, 319, 888 A.2d 359, 363 (2005); *Attorney Grievance Comm'n v. Christopher,* 383 Md. 624, 638–39, 861 A.2d 692, 700–01 (2004); *Harrington,* 367 Md. at 49, 785 A.2d at 1267.

■■ If a Motion for Reconsideration is filed subsequent to the filing of the hearing judge's findings of fact and conclusions of law, this Court has the authority and the discretion to "order further proceedings ... as justice may require from our review of what is before us" even if the motion is untimely filed.[11] *Attorney Grievance Comm'n v. Lee*

---

**10.** Maryland Rule 16–758 provides, in pertinent part:

(a) Notice of the filing of the record. Upon receiving the record, the Clerk of the Court of Appeals shall notify the parties that the record has been filed.

(b) Exceptions; recommendations. Within 15 days after service of the notice required by section (a) of this Rule, each party may file (1) exceptions to the findings and conclusions of the hearing judge and (2) recommendations concerning the appropriate disposition under Rule 16–759(c).

Neither party filed any written exceptions within the 15–day period.

**11.** The proper procedure to object to a hearing judge's findings of fact and conclusions of law in an attorney grievance proceeding is to file

(*Lee I*), 387 Md. 89, 117 n. 25, 874 A.2d 897, 913 n. 25 (2005). We may remand the proceedings to the hearing judge "[w]hen, subsequent to the evidentiary hearing before a judge, a respondent attorney produces . . . new evidence that may be material to the matter, but was not introduced at the hearing. . . ." *Lee I*, 387 Md. at 116, 874 A.2d at 913.

■ After reviewing Respondent's Motion for Reconsideration based on Fraud, Deceit and Misrepresentation, we do not find it necessary to remand this matter to the hearing judge for reconsideration because Respondent failed to suggest with specificity in his motion any new facts material to the matter that were not, or could not have been, adduced at the hearing. *See Lee I*, 387 Md. at 115–20, 874 A.2d at 912–15 (remanding the case to the hearing judge where the attorney presented in his Motion for Reconsideration newly discovered evidence that may impeach the credibility of a key witness and reflect positively on the credibility of the attorney in a case that depends heavily on witness credibility). The essence of Respondent's allegations in his Motion is that the disciplinary proceedings prejudiced him in one way or another, but he did not, either in his motion or during oral argument before this Court, challenge the hearing judge's factual findings that led to the inevitable conclusion that his conduct in question violated the rules as charged.

Nonetheless, we choose to discuss one of Respondent's asserted arguments to provide guidance in future attorney disciplinary proceedings. Respondent claims that "this case was pursued by Bar Counsel [ ] despite Complainant Baker's request that it be dismissed prior to peer [r]eview," and produced an affidavit signed by the Complainant in support of his assertion, implying that Bar Counsel should have dismissed the complaint if the Complainant so requests. This evidence was not introduced by either party at the hearing.

---

exceptions within the allotted time, not a motion for reconsideration. Maryland Rule 16–758(b). We clearly stated in *Lee I*, and we reiterate today, that it is entirely within the discretion of this Court whether to review an improperly filed motion for reconsideration.

 Bar Counsel is not obliged to dismiss a complaint solely at the complainant's request. Maryland Rule 16–731(b) sets out the procedure for reviewing a complaint once it is filed with the Attorney Grievance Commission:

(b) Review of complaint. (1) Bar Counsel shall make an appropriate investigation of every complaint that is not facially frivolous or unfounded.

(2) If Bar Counsel concludes that the complaint is either frivolous or unfounded or does not allege facts which, if true, would demonstrate either professional misconduct or incapacity, Bar Counsel shall dismiss the complaint and notify the complainant of the dismissal. Otherwise, Bar Counsel shall (A) open a file on a complaint, (B) acknowledge receipt of the complaint and explain in writing to the complainant the procedures of investigating and processing the complaint, (C) comply with the notice requirement of section (c) of this Rule, and (D) conduct an investigation to determine whether reasonable grounds exist to believe the allegations of the complaint.

Upon completion of an investigation, Bar Counsel may recommend that the complaint be dismissed under Rule 16–735(a):

(a) Dismissal or Termination.

(1) Upon completion of an investigation, Bar Counsel may recommend to the Commission that:

(A) the complaint be dismissed because Bar Counsel has concluded that the evidence fails to show that the attorney has engaged in professional misconduct or is incapacitated; or

(B) the disciplinary or remedial proceeding be terminated, with or without a warning because Bar Counsel has concluded that any professional misconduct on the part of the attorney (i) was not sufficiently serious to warrant discipline and (ii) is not likely to be repeated.

The plain language of the Rule indicates that Bar Counsel has a duty to investigate all complaints filed with the Commission that are not facially frivolous or unfounded, and that once the investigation begins, a complaint should be dismissed only if

Bar Counsel concludes that the evidence fails to show sanctionable professional misconduct or incapacity. Alternatively, Bar Counsel may recommend that the proceeding be terminated, even if there was professional misconduct, but only when the misconduct is not sufficiently serious to warrant discipline and is not likely to be repeated. Thus, once Bar Counsel initiated an investigation after the complaint was received in this case, he was duty-bound to complete the investigation and should not dismiss the complaint merely upon the Complainant's subsequent request to withdraw, unless he found the substantive complaint to be frivolous or unfounded. Indeed, if the Rule were construed otherwise, it would allow an attorney under investigation to avoid disciplinary actions by offering the complainant incentives to withdraw the complaint. Even though an individual complainant may believe that he or she was recompensed adequately as a result of the attorney's post-complaint gestures,[12] allowing an attorney to avoid a pending investigation and potential disciplinary actions in such a manner would be contrary and detrimental to the purpose of the Maryland Rules of Professional Conduct "to protect the public and the public's confidence in the legal profession." *Attorney Grievance Comm'n v. Gore*, 380 Md. 455, 471, 845 A.2d 1204, 1213 (2004).

## III.

As we observed, *supra*, neither Petitioner nor Respondent filed written exceptions to the hearing judge's findings of fact. We therefore accept the hearing judge's findings of fact as established.[13] Maryland Rule 16–579(2)(A); *Logan*, 390 Md.

---

12. In her affidavit, the Complainant stated that, after she filed the complaint with the Attorney Grievance Commission and following his alleged health problems, Respondent "went out of his way to convenience [her] ..." and "has represented [her] in all [her] bankruptcy matters without charge for his legal services and seems to be doing so in earnest."

13. During oral argument, Respondent asked this Court to excuse his failure to file exceptions to the hearing judge's findings and conclusions, because he was "in a chaotic situation" in November 2005 when

at 319, 888 A.2d at 363; *Christopher,* 383 Md. at 638–39, 861 A.2d at 700–01; *Harrington,* 367 Md. at 49, 785 A.2d at 1267.

We conduct a *de novo* review of the hearing judge's conclusions of law even when default orders and judgments have been entered at the hearing level. *Harrington,* 367 Md. at 49, 785 A.2d at 1267–68. Upon our *de novo* review, we agree with the hearing judge and conclude that Respondent violated MRPC 1.3, 1.4, 1.16, 3.2, 8.1(b), and 8.4(d).

## IV.

Having denied Respondent's Motion for Reconsideration and concluded that Respondent violated MRPC 1.3, 1.4, 1.16, 3.2, 8.1(b), and 8.4(d), we next determine the proper sanction. It is well settled that

> [t]he purpose of discipline under the Maryland Rules of Professional Conduct is not to punish the lawyer, but to protect the public and the public's confidence in the legal profession. *Attorney Griev. Comm'n v. Post,* 379 Md. 60, 70, 839 A.2d 718, 724 (2003). We protect the public through sanctions against offending attorneys in two ways: through deterrence of "the type of conduct which will not be tolerated," *id.,* and by removing those unfit to continue in the practice of law from the rolls of those authorized to practice in this State. *See Attorney Griev. Comm'n v. Protokowicz,* 326 Md. 714, 729, 607 A.2d 33, 40–41 (1992). The public is protected when sanctions are imposed that are commensu-

---

exceptions were due. The chaotic situation, according to Respondent, consisted of filing his own personal bankruptcy and relocating his office. While we are not unmindful of the adversities that sometimes arise in the professional lives of attorneys, we are not convinced that Respondent's situation was so chaotic that his failure to file exceptions should be excused. The lack of exceptions, viewed together with his failure to appear at the hearing before the hearing judge, can only be characterized as poor prioritization at best (choosing to relocate one's law practice rather than filing exceptions in a disciplinary proceeding may result in the office relocation becoming a moot activity), and amounts to an utter disregard of the attorney disciplinary proceedings at worst. We shall not excuse Respondent's failure to file exceptions in this case.

rate with the nature and gravity of the violations and the intent with which they were committed. *Post,* 379 Md. at 70–71, 839 A.2d at 724.

*Gore,* 380 Md. at 471–72, 845 A.2d at 1213. The appropriate severity of the sanction depends upon the facts and circumstances of the case, taking account of any particular aggravating or mitigating factors. *Attorney Grievance Comm'n v. Stolarz,* 379 Md. 387, 403, 842 A.2d 42, 51 (2004) (citing *Attorney Grievance Comm'n v. Myers,* 333 Md. 440, 447, 635 A.2d 1315, 1318 (1994)). Mitigation has been analyzed traditionally by this Court in terms of the American Bar Association's recommended standards. *See Guida,* 391 Md. at 55, 891 A.2d at 1098. In *Attorney Grievance Commission v. Glenn,* 341 Md. 448, 488–89, 671 A.2d 463, 483 (1996), we stated:

> The mitigating factors listed in the ABA Standards include: absence of a prior disciplinary record; absence of a dishonest or selfish motive; personal or emotional problems; timely good faith efforts to make restitution or to rectify consequences of misconduct; full and free disclosure to disciplinary board or cooperative attitude toward proceedings; inexperience in the practice of law; character or reputation; physical or mental disability or impairment; delay in disciplinary proceedings; interim rehabilitation; imposition of other penalties or sanctions; remorse; and finally, remoteness of prior offenses. (Citation omitted).

A respondent attorney bears the burden of proving the mitigating factors, if he or she asserts any, by a preponderance of the evidence. Maryland Rule 16–757(b).[14]

 Indefinite suspension from the practice of law is the proper sanction where the attorney violates MRPC 1.3, 1.4, 8.1(b), and 8.4(d) by failing to communicate with the client

---

**14.** Maryland Rule 16–757(b) provides:

(b) Burden of proof. The petitioner has the burden of proving the averments of the petition by clear and convincing evidence. A respondent who asserts an affirmative defense or a matter of mitigation or extenuation has the burden of proving the defense or matter by a preponderance of the evidence.

and failing to cooperate with Bar Counsel and where the attorney's conduct is not so egregious that only disbarment can adequately protect the public. *Attorney Grievance Comm'n v. Kovacic*, 389 Md. 233, 884 A.2d 673 (2005). In *Kovacic*, the attorney violated MRPC 1.3, 1.4, and 8.1(b) by failing to communicate with her client in a divorce proceeding and failing to respond timely to Bar Counsel's inquiries. *Kovacic*, 389 Md. at 239, 884 A.2d at 676. Noting that there was "neither a finding, nor any basis for mitigating the respondent's misconduct," we imposed the sanction of indefinite suspension even though the attorney had no prior sanction history. *Kovacic*, 389 Md. at 240, 884 A.2d at 677. *See also Attorney Grievance Comm'n v. Rose*, 391 Md. 101, 113, 892 A.2d 469, 476 (2006) (holding that indefinite suspension is the proper sanction where the attorney violated MRPC 1.3, 1.4, 8.1(b), and 8.4(d), among others, for client neglect and failure to cooperate with Bar Counsel and had received previously an indefinite suspension with the right to seek reinstatement in six month for similar violations).

On the other hand, we also have imposed a sanction of reprimand for similar violations of the MRPC where there are significant mitigating factors, such as remorse and a history of *pro bono* work by a respondent. *Attorney Grievance Comm'n v. Tolar*, 357 Md. 569, 745 A.2d 1045 (2000). The attorney in *Tolar* violated MRPC 1.3 and 1.4 by failing to communicate adequately to her client, and MRPC 8.1(b) by failing to respond to Bar Counsel's requests in the investigation. Despite her prior sanction history, consisting of two private reprimands, and her violations almost identical to those in *Kovacic*, she received the less severe sanction of a public reprimand because she was remorseful for her misconduct and because we found that repetition of the misconduct was unlikely. *Tolar*, 357 Md. at 585, 745 A.2d at 1053–54. We also found it significant in *Tolar* that the attorney provided considerable *pro bono* service to the community, another mitigating factor that called for a less severe sanction. *Tolar*, 357 Md. at 584, 745 A.2d at 1053.

In the instant case, Respondent's misconduct closely resembles that in *Kovacic* and *Tolar*. Among the rules violated by Respondent are MRPC 1.3, 1.4, and 8.1(b), the same rules violated by the attorneys in those two cases. Unlike the attorney in *Kovacic*, however, Respondent also violated MRPC 1.16, 3.2, and 8.4(d), and previously has received two sanctions for similar misconduct: a public reprimand in *Lee II* for violations of MRPC 1.3 and 1.4, and an indefinite suspension, with the right to reapply no sooner than one year, in *Lee III* for violations of MRPC 1.3, 1.4(a), 8.1(a), and 8.4(c). Thus, a sanction at least as severe as the one imposed in *Kovacic* is appropriate. Absent any significant mitigating factors, such as those substantiated in *Tolar*, indefinite suspension from the practice of law is the proper sanction for Respondent's violations in the present case.

 The hearing judge made no findings as to whether Respondent established by a preponderance of the evidence any mitigating factors. In particular, nothing in the record suggests that Respondent's alleged medical condition could be a mitigating factor. Petitioner first requested documentation of Respondent's medical conditions no later than 6 May 2004, as well as multiple times thereafter. Until oral arguments before this Court, almost two years after Bar Counsel's initial request for information, and despite his claim that he requested that the documents be forwarded to Petitioner,[15] all that Respondent was able to produce to document his medical condition, in the record before us, was a hospital bill showing that he was hospitalized between 7 April 2004 and 14 April 2004 and a doctor's note stating that he would be unable to work between 7 January 2005 and 7 February 2005. We acknowledge that Respondent may have faced health issues at certain times, but observe that Respondent has not established by a preponderance of the evidence his medical condition as a mitigating factor for his misconduct throughout the period of time in question. We note that his violations at issue

---

15. It is unclear from the record to whom Respondent made the request-his secretary or hospital administration.

in this disciplinary proceeding began in November 2003 (when he failed to produce certain annuity documents entrusted to him) and continued into June 2005 (when Petitioner formally filed charges against him after he failed to respond to Petitioner's repeated requests for information and documentation), spanning a period of almost 20 months, approximately five weeks of which Respondent was able to document and allegedly attribute to his medical condition. Furthermore, we reiterate that, if ill health indeed renders an attorney physically unable to perform his or her duties to the court and clients, he or she must promptly inform the court, clients, and other participating attorneys that his or her caseload cannot be managed and, without unreasonable delay, make necessary arrangements to protect clients' interests, such as transferring cases to other attorneys. *See* MRPC 1.16(a)(2) (stating that, except as provided in MRPC 1.16(c), "a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if . . . the lawyer's physical or mental condition materially impairs the lawyer's ability to represent a client[.]"); *Attorney Grievance Comm'n v. West,* 378 Md. 395, 424, 836 A.2d 588, 605 (2003) (Harrell J., dissenting).

Respondent also failed to present any mitigating factors to this Court during oral argument. He neither explained his misconduct nor demonstrated remorse. Even though he introduced an affidavit from the Complainant stating that she was satisfied with Respondent's free services subsequent to the conduct mentioned in the complaint, we are not convinced that this is a remedial act motivated by true remorse, rather than an attempt to procure a withdrawal of the complaint.

We conclude that indefinite suspension from the practice of law is the appropriate sanction.

**IT IS SO ORDERED; RESPONDENT SHALL PAY ALL COSTS AS TAXED BY THE CLERK OF THIS COURT, INCLUDING THE COSTS OF ALL TRANSCRIPTS, PURSUANT TO MARYLAND RULE 16–715(C), FOR WHICH SUM JUDGMENT IS ENTERED IN FA-**

VOR OF THE ATTORNEY GRIEVANCE COMMISSION
AGAINST NORMAN JOSEPH LEE, III.