BATTAGLIA, J.
I respectfully dissent from the thirty-day sanction imposed by the majority, because I believe that an indefinite suspension is the appropriate sanction.
Why I would impose a greater sanction relates to the hearing judge’s finding that Shuler lacked remorse or, more cogently, that Shuler did not accept responsibility for her acts. The hearing judge found that, “[Shuler] did not apologize to Mr. Wilson and never explained her absence to the Court of Special Appeals.” The hearing judge, additionally, exhorted that she had concerns regarding Shuler, because of “[Shuler’s] refusal to admit or acknowledge any wrongdoing on her part and her lack of remorse for her behavior.” Although the *514 majority overrules Shuler’s exception to the hearing judge’s finding of lack of remorse, it kicks the finding to the side, stating, “we are not convinced that the mere fact that a lawyer did not apologize for misconduct alone establishes that the lawyer refused to acknowledge the misconduct’s wrongful nature.” Op. at 509 n. 12, 117 A.3d at 47 n. 12. I would not do so.
Further, “for purposes of determining an appropriate sanction,” we may “consider the respondent’s actions during the attorney discipline proceeding.” Op. at 513, 117 A.3d at 50. In that vein, Shuler continued to fail to acknowledge any wrongdoing on her part when, before us, she urged that she “has no problem of expressing remorse for something she actually had done wrong; but Mr. Wilson and the Commission presented false evidence”. Shuler again failed to accept responsibility for her failure to appear in the Court of Special Appeals, not informing her client that he had been unsuccessful in his appeal and forsaking a petition for certiorari before us when she, during oral argument, continued to renounce the suggestion that she ought to have apologized to her client:
[SHULER]: And to say that I should apologize to someone that’s being so disrespectful towards me and who has committed a crime[1] towards me is really being unreasonable and anything that said in court is being unreasonable. In rejecting the hearing judge’s finding that Shuler lacked
remorse, the majority relies on Walker-Turner for its conclusion that a thirty-day suspension is appropriate. The lesser sanction in Walker-Turner, however, was directly attributable to Walker-Turner’s clear expression of remorse. We recognized, for example, “that Walker-Turner worked with [his client’s judgment creditor] in an attempt to cure the consequences of the entry of the judgment”, which was the heart of his transgression. Id. at 234, 51 A.3d at 565.
More appropriate to our analysis are Attorney Grievance v. Kovacic, 389 Md. 233, 884 A.2d 673 (2005), and Attorney *515 Grievance v. Lee, 393 Md. 546, 903 A.2d 895 (2006), in which indefinite suspensions were ordered. In Kovacic, the attorney-violated MLRPC 1.3, 1.4 and 8.1(b) (failure to respond to Bar Counsel), by failing to communicate with her client in a divorce proceeding and failing to respond timely to Bar Counsel’s inquiries. We imposed an indefinite suspension, recognizing as a significant aggravating factor that there was no finding of remorse, which left nothing to allay “the likelihood of a repetition of the conduct.” Kovacic, 389 Md. at 240, 884 A.2d at 677; cf. Attorney Grievance v. McClain, 373 Md. 196, 212, 817 A.2d 218, 228 (2003) (“[A]n attorney’s voluntary termination of the charged misconduct, when accompanied by an appreciation of the serious impropriety of that past conduct and remorse for it, may be evidence that the attorney will not again engage in such misconduct.”).
In Lee, the attorney violated MLRPC 1.3, 1.4, 1.16 (Terminating Representation), 3.2 (Expediting Litigation), 8.1(b) and 8.4(d), by failing to respond to requests by the client’s Bankruptcy Trustee as well as Bar Counsel. We noted that Lee had not “demonstrated remorse” and that subsequent remedial acts were not “motivated by true remorse,” rather they were “an attempt to procure a withdrawal of the complaint.” Lee, 393 Md. at 567, 903 A.2d at 908. Reflecting upon Kovacic, in Lee, we, accordingly, imposed an indefinite suspension. Similarly, Shuler’s demeanor does nothing to assuage the concern that she will repeat her misconduct.
The fact also that Bar Counsel recommended a thirty-day suspension, with a condition precedent to readmission, also is of no benefit to the Respondent herein, because we may exceed Bar Counsel’s recommendation and “order any lawful sanction [we] deem[ ] appropriate in a given case.” Attorney Grievance v. Duvall, 373 Md. 482, 493, 819 A.2d 343, 349 (2003) (“Rule 16-759(c)[, which provides the sanctions that we may order,] and the nature of the Court’s jurisdiction in attorney discipline matters, gives the Court the authority to order any lawful sanction it deems appropriate in a given case.”); see also Attorney Grievance v. Katz, 429 Md. 308, 317, 55 A.3d 909, 914 (2012) (“This Court ... has the long- *516 established duty to impose discipline that is consistent with our attorney disciplinary jurisprudence by assessing, independently, the propriety of the sanction imposed by a sister jurisdiction, as well as the sanction recommended by Bar Counsel.”). It is important to note that Bar Counsel’s recommendation was made before Shuler again failed to acknowledge her shortcoming during oral argument before this Court. An attorney’s repeated failure to acknowledge her wrongdoing should not go unnoticed.
Accordingly, I would order an indefinite suspension, because I am not sanguine that Shuler appreciates the seriousness of her misconduct.

. The “crime” to which Shuler refers is her client’s filing of the instant action.